**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SANDRA YVONNE LUCAS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>Defendant-Appellee. | No.   20-15140<br><br>D.C. No.<br>2:18-cv-02184-JAM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 14, 2022**
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Sandra Yvonne Lucas (Lucas) appeals the district court's order affirming the decision of an administrative law judge (ALJ) that she was not eligible for supplemental security income (SSI) between January, 2011, and June, 2015, because the $186,890.58 from a settlement in a wrongful death action constituted "excess resources."

Substantial evidence supports the ALJ's determination that Lucas was not entitled to SSI during the period in question. *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (explaining that, for denials of SSI, "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard") (citation and alteration omitted). Consistent with the applicable regulations, the ALJ correctly determined that Lucas's receipt of cash from a settlement of a wrongful death action qualified as excess resources, and rendered Lucas ineligible for SSI. "The basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. § 416.110. Eligibility for SSI is statutorily limited based on the resources a claimant possesses. *See* 42 U.S.C. § 1382(a). Pursuant to 20 C.F.R. § 416.1201, "resources" are defined as

2

"cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). Several categories of assets are statutorily excluded from the definition of resources, including "the home," "household goods, personal effects, and an automobile," and "other property which is so essential to the means of self-support of such individual (and such spouse) as to warrant its exclusion." 42 U.S.C. § 1382b(a). Cash received from settlement of a legal claim is notably absent from these express statutory exclusions. *See id.*

Lucas maintains that the ALJ should have analogized to the treatment of "income" and "resources" under the Internal Revenue Code, or considered the settlement funds as restitution. But the Social Security regulations and corresponding statutory framework enumerate specific exclusions to the definition of resources for purposes of SSI, and do not endorse the distinctions suggested by Lucas. "The general rule of statutory construction is that the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded. . . ." *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1133 (9th Cir. 2009) (citation omitted); *see also Charles Schwab & Co., Inc. v. Debickero*, 593 F.3d 916, 920 (9th Cir. 2010) (declining to expand enumerated exclusions that "cannot be squared with the plain language and

purpose of the regulation, or with the statutory scheme to which it relates").[1] We

conclude that the ALJ's denial of SSI comported with the applicable regulations

and statutory exclusions that do not exempt cash received pursuant to settlement of

a legal claim.

**AFFIRMED.**

---

[1] Lucas' reliance on *Grunfeder v. Heckler*, 748 F.2d 503 (9th Cir. 1984) does not persuade us otherwise. In that case, we "decide[d] the narrow question whether reparations payments that the German Federal Republic makes to survivors of the Holocaust constitute countable income in determining eligibility for supplemental security income . . . under the Social Security Act." *Id.* at 504 (citation and internal quotation marks omitted). In concluding that reparations did not qualify as countable income, we reasoned that "Congress's reaction to the Holocaust and its recognition of the restitutionary nature of the reparations payments indicate[d] an intent to exclude those payments from countable income for SSI purposes." *Id.* at 507. We also recognized that "including German reparations payments as income for the purpose of determining SSI eligibility would frustrate the German Restitution Act's penitent and restitutionary purposes." *Id.* at 509. Our consideration of reparation payments to Holocaust survivors to compensate them for their catastrophic economic losses has minimal persuasive value on the statutory interpretation relevant to this appeal.